UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Jacob Cota,

    Plaintiff,

v.

United Parcel Service, Inc., et al.,

    Defendants.

2:19-cv-01524-VAP-AFMx

**Order GRANTING Motion to Remand (Doc. No. 25)**

    Before the Court is a Motion to Remand filed by Plaintiff Jacob Cota ("Plaintiff"). (Doc. No. 25, "Motion"). The Court deems the Motion suitable for resolution without oral argument pursuant to Local Rule 7-15. After considering all papers filed in support of, and in opposition to, the Motion, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of California, County of Los Angeles.

### I. BACKGROUND

    Plaintiff filed his state court complaint for workplace discrimination on January 16, 2019, against Defendants United Parcel Service, Inc. and "Alvino Last Name Unknown" (collectively, "Defendants"). (Doc. No. 1-2). Plaintiff is a resident of Los Angeles County, California. (Doc. No. 1-2, ¶ 1). Defendant United Parcel Service, Inc. is an Ohio corporation with its principal place of business in Georgia. (Doc. No. 1-2, ¶ 2; Doc. No. 1, ¶¶ 11-14). Defendant "Alvino Last Name Unknown" was later ascertained to be

Elvino George, (Doc. No. 25-1, ¶ 5), a resident of Los Angeles County, California, (Doc. No. 20, ¶ 3). Defendant removed this case on March 1, 2019 on the grounds of diversity jurisdiction, arguing Defendant George was a sham defendant. (Doc. No. 1, ¶¶ 15-30).

## II. MOTION TO REMAND

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts have subject matter jurisdiction through "diversity" jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and each plaintiff is diverse from each defendant. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Ninth Circuit has held that removal "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 698 (9th Cir. 2005). A federal court's jurisdiction "must be rejected if there is any doubt as to the right of removal," and a "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). When arguing that a plaintiff has failed to state a claim against a

resident defendant, the failure must be "obvious according to the well-settled rules of the state."  *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).  Moreover, "remand must be granted" unless a defendant demonstrates that it is impossible for a plaintiff to prevail on any cause of action against the resident defendant, and that the plaintiff would not be given leave to amend the complaint.  *Padilla*, 697 F. Supp. 2d at 1159.  Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Plaintiff brings one claim against Defendant George: harassment in violation of California's Fair Employment and Housing Act ("FEHA").  Defendants argue that George is a sham defendant because the claim is time barred, based on non-actionable personnel decisions, and based on conduct that is not severe or pervasive harassment.

1. <u>Whether Plaintiff's Claim is Time Barred</u>

Under the continuing tort doctrine, "[w]hen a tort involves continuing wrongful conduct, the statute of limitations doesn't begin to run until that conduct ends."  *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002).  "The doctrine applies where there is 'no single incident' that can 'fairly or realistically be identified as the cause of significant harm.'"  *Id.* (quoting *Page v. United States*, 729 F.2d 818, 821-22 (D.C. Cir. 1984)).  The continuing tort doctrine applies to all FEHA claims.  *Yanowitz v. L'Oreal*

*USA, Inc.*, 36 Cal. 4th 1028, 1057-59 (2005); *Lelaind v. City & Cty. of San Francisco*, 576 F. Supp. 2d 1079, 1093 (N.D. Cal. 2008).

Defendants have failed to demonstrate that Plaintiff's claim against George is time barred based on the face of the complaint. Both parties agree that the date of Plaintiff's discharge was within the statutory period. (*See* Doc. No. 28, at 9). Defendants argue, however, that the harassment all occurred outside the limitations period. (*See id.* at 9, 14-18).

Plaintiff alleges that a series of harassing behaviors took place over the course of his employment, ultimately culminating in Plaintiff's involuntary discharge. (*See, e.g.*, Doc. No. 20, ¶¶ 18-32, 39, 43, 49, 53, 59, 64, 69, 74, 79, 84-85, 89-90, 99-100). Indeed, the nature of the alleged conduct is such that there is no single incident that can be identified as the cause of significant harm, *Flowers*, 310 F.3d at 1126, but instead Plaintiff's theory is based on the summation of many interactions that did not acquire permanence or finality until Plaintiff was discharged. *Yanowitz*, 36 Cal. 4th at 1059 ("[I]n a retaliation case, as in a disability accommodation or harassment case, the FEHA statute of limitations begins to run when an alleged adverse employment action acquires some degree of permanence or finality."); *Romano v. Rockwell International Inc.*, 14 Cal. 4th 479, 493-95 (1996) (holding that a FEHA action for discriminatory discharge does not commence until the actual discharge). As such, Plaintiff's claim against Defendant George is not obviously time barred. *See United Computer Systems*, 298 F.3d at 761.

### 2. Whether Defendant George's Conduct is Actionable

Defendants, citing to *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996), argue that even if the conduct is not time-barred, Defendant George's conduct was not harassment but instead "primarily constitutes 'personnel management' decisions," which Defendants argue cannot subject a person to liability. (Doc. No. 28, at 18). Plaintiff's claim, however, is not based solely on his discharge but also allegedly pervasive harassment including conduct outside personnel management decisions, such as "yelling at him in front of his co-workers." (Doc. No. 20, ¶ 19). Accordingly, Plaintiff's claim does not obviously fail under the applicable state law and Defendants have not demonstrated that "plaintiff could not possibly recover" against Defendant George. *Padilla*, 697 F. Supp. 2d at 1158.

Similarly, Defendants' argument that Defendant George's conduct was not severe or pervasive enough to be actionable fails. Plaintiff sufficiently alleges conduct by Defendant George that is at the very least not obviously insufficient under the applicable state law. Additionally, Defendant has not demonstrated Plaintiff would be denied leave to amend. *Padilla*, 697 F. Supp. 2d at 1159.

Accordingly, Defendants have failed to meet their "heavy burden of persuasion" to show that Defendant George is a sham defendant. *Plute*, 141 F. Supp. 2d at 1008.

## III. MOTION FOR ATTORNEYS' FEES

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Attorneys' fees are not warranted "solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Aside from articulating why Plaintiff believes Defendants' removal was improper, Plaintiff gives no basis for the removal being objectively unreasonable. Accordingly, Plaintiff's request for attorneys' fees is denied.

## IV. CONCLUSION

The Court therefore GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of California, County of Los Angeles. The Court DENIES Plaintiff's request for attorneys' fees.

**IT IS SO ORDERED.**

Dated: 7/22/19

Virginia A. Phillips
Chief United States District Judge